**Sui Mei XIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4736–AG.

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Elliot M. Schachner, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 18th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Sui Mei Xia, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying her applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ denied Xia's claim for relief based on her alleged forced sterilzation. The IJ provided specific, cogent reasons to doubt the authenticity of Xia's purported sterilization certificate, namely, the lack of an issuance date or signature by any issuing authority. As the IJ noted, the reports did not help establish when or under

what conditions the sterilization took place. Thus, according to the IJ, they were insufficient to prove the critical allegation in Xia's case: that she was *forcibly* sterilized, *in China*. *See Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 (2d Cir.2005). In addition, although Xia insisted she mentioned her claim of forced sterilization to the preparers of both her 1992 and 1996 applications, the IJ doubted that both preparers would, coincidentally, fail to include this detail. As a general rule, an applicant's delay in relating an essential factual allegation in his or her asylum claim provides a strong reason for the IJ to doubt the applicant's credibility. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111–12 (2d Cir. 2005) (per curiam).

The IJ's examination of the record was, however, incomplete. While the IJ found that both of Xia's applications omitted her claim of forced sterilization, both applications do, in fact, mention a sterilization, though in ambiguous terms. In the 1996 application, she states that after the birth of her second child, "they asked [her] to undergo sterilization operation and pay a penalty fine." From this statement, it is unclear whether the officials merely recommended sterilization, demanded it, or followed through with this demand.

■ Xia provided a plausible explanation for the ambiguous statement, which the IJ was not required to credit. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402–03 (2d Cir.2005). However, the IJ was at least required to take the explanation into account. *See id.* By ignoring Xia's claim that the preparer misstated, rather than omitted, her sterilization claim—which the record supports—the IJ failed to meet this requirement. The IJ would still have been within his discretion to reject Xia's actual explanation, and to find that the inconsistency between the applications and the testimony could not

be overcome. However, this Court may not speculate about how he would have ruled had he relied on an accurate statement of the record. *See id.* at 399–400. "To assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp [his] role." *Id.*

■ In addition, the IJ did not indicate what additional evidence Xia could have produced to prove that the sterilization was coerced. Moreover, the IJ ignored the date of Xia's American doctors' reports, which indicate that the sterilization necessarily took place before her July 1997 examination, and before her December 1997 hearing, when her former counsel stated that no changes to her application were necessary. While Xia waived any claim of ineffective assistance of counsel by deciding to retain the law firm, the record contradicts the IJ's conclusion that she fabricated the sterilization claim after reviewing the case with her lawyer.

Xia's husband's testimony called into question somewhat the timing of her sterilization. His inability to mention the sterilization until specifically prodded was a valid factor for the IJ to take into consideration, but it was a weak basis for the adverse credibility finding, given the overall consistency of his testimony with Xia's. Her own failure to mention she was fined until specifically asked, however, should not be counted against her, given that she was not asked any questions on direct that reasonably called for a response about a fine.

■ The State Department report's claim that couples in Zhejiang Province whose first child is female may have a second child undercuts Xia's claim somewhat, but it is not conclusive. State Department reports are a useful source of background information, but IJs should not place excessive reliance on them, par-

ticularly in the face of contrary evidence. *Id.* at 403–04. Caution is particularly appropriate here, where the report on the record is from 1998, and Xia's sterilization allegedly took place in 1991. Moreover, other statements in the report could just as easily be interpreted to corroborate Xia's story. Thus, the report, standing alone, is insufficient to rebut her testimony.

Because the IJ relied on some valid factors in making the adverse credibility finding, but also relied in part on a misstatement of the record and failed to consider some of the relevant evidence, the factors cited cannot constitute substantial evidence supporting the finding. *See id.* at 406–07. It is not clear the IJ would have reached the same conclusion had he considered the true content of the asylum applications and the date of the medical reports, and the other evidence he cited does not provide overwhelming support for the finding, standing alone. *See id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).